UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **WAEL SHARAYDEH ET AL** | : | Case No.: 1:23-cv-409 |
| | : | |
| | : | Judge: Micheal R. Barret |
| | : | |
| | : | **Memorandum in Opposition to All Defendants Motion to Stay** |
| Plaintiffs, | : | |
| v. | : | |
| **WARREN COUNTY, OHIO C/O COUNTY COMMISSIONER'S OFFICE ET AL.** | : | |

Now Come all Plaintiffs, by and through counsel, and hereby submit the following Memorandum in Opposition to the Motion to Stay submitted by all Defendants.

**I.     Background and Facts**

Defendants' request to stay these proceedings only further bolsters Plaintiffs' claims. Defendants did not take any action against Plaintiffs since their initial seizures of Plaintiffs' property until after this lawsuit was filed. Defendants have seized approximately a million dollars of Plaintiffs' personal property and hemp products that are legal under both State and Federal Law. And now, regardless of the level of Delta 9-THC, Plaintiffs' products are most certainly legal in the State of Ohio.

Defendants state there are ongoing criminal investigations and all Defendants have moved their respective courts for the appointment of a special prosecutor. The appointment of a special prosecutor is a red herring, and further illustrates the lengths Defendants will go in furtherance of their deliberate violations of Plaintiffs' constitutional rights. The main violator in this case is Detective Schweitzer and the Warren County Sheriff's Department. Of most importance is the timing of events that was left out of Defendants' motion.

The timing of Warren County's movement for a special prosecutor is glaring. The timeline is as follows:

- June 1, 2022, allegedly acting on a tip that Plaintiffs were selling vapes to underage persons, Defendant Warren County Sherriff's Department sent underage persons into various retail stores of Plaintiffs. Despite the fact the investigation was for underage sales, the products purchased by the undercover agents were tested for Delta 9-THC levels. All products purchased that day came back below the legal limit.

- June – December 2022, Detective Schweitzer and the Warrant County Sherrif's Department continued making undercover buys and testing Plaintiffs' hemp products for Delta 9-THC.

- December 19, 2022, Detective Schweitzer and the Warren County Sheriff's Department took action to obtain search warrants.

- December 21, 2022, Detective Schweitzer and Warren County Sherriff's office conducted a three-county raid of Plaintiffs' residences and business. No criminal indictments brought.

- April 10, 2023 – Detective Schweitzer and other Defendants try again, and raid numerous business locations of Defendants. No criminal indictments brought.

- June 29, 2023, Plaintiffs file this action.
- June 30, 2023, Warren County seeks the appointment of a special prosecutor.
- At various dates after, the other defendants sought appointment of special prosecutors.

Defendants claim this case will open the door to undiscoverable information and jeopardize the criminal investigation. The facts show otherwise. The facts show that Defendants seized and held Plaintiffs' property for over six months with no action. Only after Defendants were sued, did they run to state courts to manufacture a criminal investigation.

The complaint establishes that Defendants' actions were targeted against Plaintiffs based on their ethnicity and religion. The seizures were in furtherance of the plan to put Plaintiffs out of business by holding their property and money until the hemp products expired, rendering the products worthless, and further, merely to harass and intimidate Plaintiffs based on the ethnicity and religion of the business owners. Defendants have put that motive on display by only taking action after being sued. Now, Defendants seek further delay by seeking a stay of this action.

## II.  Law and Argument

In the exact words of the most recent relevant case:

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket[.] *Smith v. First Energy Corp.,* 2021 U.S. Dist. LEXIS 26140* quoting *F.T.C. v. E.M.A., Inc.,* 767 F.3d 611, 626 (6th Cir. 2014). (quotation marks and citation omitted)

"[N]othing in the Constitution requires a civil action to be stayed…pending the outcome of criminal proceeding." *Id.* (quotation marks and citations omitted). In exercising their "broad discretion in determining whether to stay" courts balance six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Id. (quotation marks and citation omitted).

### A. There are no overlapping issues

This civil action involves violations of constitutional rights, not, as Defendants state, "drug trafficking, and other undisclosed acts" Furthermore, overlapping issues are an impossibility. Special prosecutors weren't sought until after this litigation began – again in furtherance of Plaintiffs' allegations that Defendants had no intent to bring criminal charges, but merely to harass. Defendants argue this litigation is an attempt to circumvent the stringent discovery rules applied in criminal cases. That argument does not hold water. This action was filed before Defendants sought appointment of special prosecutors - a fact that only came to light in Defendants' Motion to Stay.

### B. The status of the criminal case – There is no real criminal case

Defendants to this action are alleging Plaintiffs are involved in criminal activity and this action should be stayed while the 'investigation' continues indefinitely. Until this lawsuit was filed, Defendants were willfully seizing Plaintiffs' property and holding it with no further action. Only after this litigation began, did Defendants run to seek appointment of a special prosecutor. Seeking the appointment of a special prosecutor after being sued is an obvious attempt to 'kick the can down the road' until Plaintiffs are out of business.

### C. The Interests and Prejudices to Plaintiffs

Plaintiffs will be severely prejudiced by a stay of this action. The products seized by Defendants have a shelf life. Allowing Defendants to hold the products indefinitely, thereby rendering the products worthless, would destroy Plaintiffs' business operations. Staying this case would be a grave and irreparable harm to Plaintiffs. Plaintiffs will be out of business before Defendants ever take action, assuming they ever do take action. Ohio has already legalized all Delta 9-THC, regardless of percentage. There are no criminal charges to be brought. Defendants claim that Plaintiffs are a danger to society because a few vape pens sold by Plaintiffs were possibly a minuscule amount over the extremely low 0.3% Delta 9-THC level of Ohio's *old* law. For comparison to this so called 'danger' to society, Ohio's medical marijuana program has set THC levels approximately 116 times higher at 35%. And Ohio's current full legalization of Cannabis does not even contain a limit to Delta 9-THC levels.

Plaintiffs are currently being held hostage via the unconstitutional actions of Defendants. If Defendants can continue to hold Plaintiffs' products to the point of expiration despite the fact all of the products were legal under the old laws, and undoubtably legal under Ohio's new law Plaintiffs will suffer irreparable harm. Ohio's cannabis industry will be rapidly growing while Plaintiffs are left in legal limbo and ultimately left out.

### D. Defendants have no interests or prejudice

Defendants argue if this case continues the Plaintiffs would be allowed to "circumvent law enforcement efforts to effectuate justice for the dangerous criminal acts they are committing." Arguing that selling extremely low Delta 9-THC products is a 'dangerous criminal act' would have been hyperbole a few years ago and is completely nonsensical now. As stated above, less than one year after the Defendants initial seizures, Ohio legalized cannabis with no limit to the Delta 9-THC

levels. Even if Defendants, with their flawed testing, can show Plaintiffs sold a few vape pens with slightly above 0.3% Delta 9-THC, they must prove Defendants did so knowingly and then convince a jury criminal convictions are deserved. Over 57% of Ohioans voted for limitless amounts of Delta 9-THC. Defendants didn't have an interest in seeking prosecution until this lawsuit was filed. Furthermore, if Plaintiffs' actions of selling nationally distributed and DEA lab tested products was so dangerous --- why have they not taken action against the countless smoke shops selling the same products. This once again highlights the selective and targeted actions of Defendants and exactly why this case should proceed.

### E. Interests of the courts and the public

"The convenience of the courts is best served when motions to stay proceedings are discouraged." *Mooney by & through Mooney v.* Wallace, No. 04-1190-T-P2005 U.S. Dis. LEXIS 50991, 2005 WL 8156550, at 1* (W.D. Tenn. April 1, 2005) (quoting *Gala Enters., Inc. v. Hewlett Packard Co.*, No. 96 CIV. 4864 DC, 1996 U.S. Dist. LEXIS 18867, 1996 WL 732636, at 2* (S.D.N.Y. Dec. 20, 1996)).

In addition, the public has an interest in expeditious litigation. *Id.*

### III. CONCLUSION

The Motion to Stay should be denied and is clear effort in furtherance of Defendants' bigger plans to shut down Plaintiffs' legal business operations based on a dislike of Plaintiffs' religion and ethnicity.

Respectfully submitted,

\_\_\_/s/ Jeff J. Cornwell_____
Jeff J. Cornwell (OH-0080828)
315 S. Monument Ave.
Hamilton, OH 45011
513-520-1808
Jeff@cornlegal.com

**CERTIFICATE OF SERVICE**

This certifies that the foregoing was filed electronically this 9th day of December 2024. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system, as certified by the Court's Certificate of Service generated upon filing.

/s/ Jeff J. Cornwell_____
Jeff J. Cornwell (OH-0080828)