UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

Wael Sharaydeh, et al.,

    Plaintiffs,

        v.

Warren County, Ohio, et al.,

    Defendants.

Case No. 1:23-cv-409

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Defendants Greene County, Ohio and Greene County Sheriff's Department's Motion for Judgment on the Pleadings. (Doc. 30). No memorandum in opposition has been filed by any Plaintiff and the time to do so has passed.

Very briefly, Plaintiffs Wael Sharaydeh and Ismail Sharida began distributing (at the wholesale level) and selling (at the retail level) hemp-derived products once hemp was decriminalized by the Ohio General Assembly in 2020.[1] They complain about a series of unconstitutional raids, naming as Defendants: Warren County, Ohio, Warren County Sheriff's Office, and Warren County Detective Dan Schweitzer; Montgomery County, Ohio and Montgomery County Sheriff's Office; Greene County, Ohio and Greene County Sheriff's Office; West Carrollton, Ohio and West Carrollton Police Department; and Officers John Doe (1–10) and Officers Jane Doe (1–10). They bring suit under 42 U.S.C. § 1983 and state common law claims of replevin and conversion.

---

[1] The instant motion is brought pursuant to Fed. R. Civ. P. 12(c). Just as with a Rule 12(b)(6) motion for failure to state a claim, the Court accepts as true the factual allegations made by Plaintiffs in their Complaint. *See Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

1

The Warren County[2], Greene County[3], and West Carrollton[4] Defendants filed Answers. Defendant Montgomery County Sheriff's Office filed a motion to dismiss (pursuant to Fed. R. Civ. P. 12(b)(6)), which the Court granted on October 30, 2023. (Doc. 24).[5] The West Carrollton Defendants filed a motion for judgment on the pleadings (pursuant to Fed. R. Civ. P. 12(c)), which the Court granted in a separate Opinion & Order issued this date. (Doc. 34).

I. **LAW & ARGUMENT**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial—[.]" The legal standard for adjudicating a Rule 12(c) motion is the same as that for adjudicating a Rule 12(b)(6) motion. *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007).[6]

**A. Greene County Sheriff's Department**

Like the Montgomery County Sheriff's Office[7] and the West Carrollton Police Department[8], the Greene County Sheriff's Department argues that it should be dismissed

---

[2] (Doc. 14).

[3] (Doc. 12).

[4] (Doc. 13).

[5] As previously noted, Defendant Montgomery County, Ohio appears to be in default. (*See* Doc. 24 PAGEID 164).

[6] Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on its face." *Id.* at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

[7] (*See* Doc. 23 PAGEID 152).

[8] (*See* Doc. 27 PAGEID 171–72).

because it is not *sui juris*—that is, an entity capable of being sued. The law on this point is clear. Whether a municipal agency can be sued is determined "by the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3). Under Ohio law, a county sheriff's office is not *sui juris*. *Lloyd v. City of Streetsboro*, No. 18-3485, 2018 WL 11298664, at *3 (6th Cir. Dec. 20, 2018) ("We have held that, under Ohio law, sheriff's and police departments are not entities capable of being sued under § 1983."). Thus, as this Court has already held in this civil action (*see* Doc. 24), and others, any claim against a county sheriff's office must be dismissed. *Coleman v. Hamilton Cnty. Bd. of Cnty. Commr's*, No. 1:22-cv-319, 2023 WL 4466855, at *2 (S.D. Ohio July 11, 2023) (citing Ohio cases); *Estate of Parker v. Clark Cnty., Ohio*, No. 3:17-cv-307, 2019 WL 1317862, at *4 (S.D. Ohio Mar. 22, 2019) (same). Accordingly, the Greene County Sheriff's Department's Motion for Judgment on the Pleadings will be GRANTED.

B. Greene County, Ohio

**42 U.S.C. § 1983 claims.** Plaintiffs bring a series of 42 U.S.C. § 1983 claims against all Defendants. (Complaint, Doc. 1 (Counts II through VI) PAGEID 41–46).

"Under § 1983, a municipality may only be held liable if the municipality **itself** caused the constitutional violation." *Davis v. Bexley Police Dep't*, No. 2:08-cv-750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citation omitted) (emphasis added). That is to say, a municipality is only liable under § 1983 "when execution of a government's **policy or custom** ... inflicts the injury." *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978) (emphasis added). "[A] local government may **not** be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id*. (emphasis added).

"A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions;

(3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (*quoting Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

There are no allegations that relate to a Greene County policy or custom in the text of the Complaint.[9]  Accordingly, Counts II through VI will be DISMISSED with PREJUDICE.

**Federal replevin claims.**  The caption of the Complaint includes "Federal Replevin Claims" as a line item.  (Complaint, Doc. 1 PAGEID 1).  Count VII is titled "Replevin" and a paragraph within baldly states, "**In addition to federal law,** Ohio law specifically holds that replevin is a statutory remedy."  (Id. PAGEID 46 & ¶ 270 (state caselaw citations omitted) (emphasis added)).  Plaintiffs seek return of "numerous items" that they "will be able to more fully describe . . . after engaging in discovery.  At present, the items include products from the store valued in excess of $500,000, a 2017 BMW X6 with VIN 5YMKW8C53HOR439767 having an estimate[d] value of approximately $70,000, a 2017 Ford Mustang with VIN 1FATP8FFXH5290593 having an estimated value of $17,000, and US currency in an amount in excess of $100,000."  (Id. ¶ 267).  Plaintiffs' replevin claims have no basis in federal law, however.

*Tauwab v. Barry*, No. 5:13cv2036, 2014 WL 4245967, at *9–10 (N.D. Ohio Aug. 25, 2014) is instructive.  Plaintiffs filed a § 1983 action, "asserting the deprivation of constitutional rights arising out of the [          ] repossession of a vehicle."  Id. at *1.

---

[9] Only one *Monell* allegation is pled, as against the Warren County Defendants: "Defendant Warren County and Warren County Sheriff['s] Department failed to properly train and supervise Defendant [Detective Dan] Schweitzer and/or failed to have proper training, supervision, and policies and procedures in place for its employees and agents.  (Complaint, Doc. 1 ¶ 35).

They asked the district court to order the state defendants to "immediately release and return" the car, but failed to "identify any legal basis for the relief they request[ed]" Id. at *9. Judge Lioi considered, and rejected, two possibilities.

> **Federal Rule of Criminal Procedure 41(g)** provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." **A motion under this rule operates as a civil action in equity when the owner properly invokes the rule after the resolution of a criminal proceeding.** *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000). **However, relief under Rule 41(g) is only available where the property seized is in the possession of a federal government agent or agency.** *See United States v. Oguaju, 107 F. App'x 541, 542–43 (6th Cir. 2004)* (affirming denial of Rule 41(g) motion where property was seized by agents of the State of Michigan). It is clear from the amended complaint that the vehicle was seized by state agents, and there are no allegations that the vehicle currently resides in the possession of the federal government. Rule 41(g) cannot afford plaintiffs the relief they seek.
>
> **Another possible candidate is Federal Rule of Civil Procedure 64,** which provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed.R.Civ.P. 64(a). Identified among the possible remedies available are attachment and replevin. Fed.R.Civ.P. 64(b). **Rule 64 permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action.** *See generally Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). It is clear from the language of the rule that its purpose is to ensure that a fund will be available with which to satisfy a money judgment. *See Rosen v. Cascade Int'l Inc.,* 21 F.3d 1520, 1531 (11th Cir. 1994).
>
> **Plaintiffs do not seek to secure a fund available to satisfy a judgment at the conclusion of the trial, nor do they ask the Court to take possession of the vehicle and hold it in trust. Rather, plaintiffs request the immediate return of the very subject of the lawsuit.**

Id. at *9–10 (emphases added). Here, as in *Tauwab*, neither rule applies. The property

5

at issue "is in the hands of the various [State of Ohio] Defendants[,]" (*see* Complaint, Doc. 1 ¶ 268), not the federal government and Plaintiffs have not been federally prosecuted. Rule 41(g), therefore, is inapposite. So, too, is Rule 64(b), because the property that Plaintiffs want returned is "the very subject of the lawsuit." *Tauwab*, 2014 WL 4245967, at *10; *see Melher Trans., Inc. v. Westfall Towing LLC*, No. 2:21-cv-1293, 2021 WL 5339518, at *2 (S.D. Ohio June 7, 2021) (citing *Tauwab*, "Without authority under Rule 64, the Court will not consider Plaintiffs' underlying replevin action.").

**State law replevin and conversion claims.** As noted, Plaintiffs also bring state law claims for replevin in Count VII and (separately) for conversion in Count VIII. (Complaint, Doc. 1 ¶¶ 265–273, 274–283). Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over them because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). Factors to weigh and balance include judicial economy, convenience and fairness to the parties, and the principle of comity to the States. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988).[10] "As a rule of thumb, however**, . . .** [w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was

---

[10] A district court decision to decline to exercise supplemental jurisdiction is reviewed under an abuse-of-discretion standard. *Miller v. Collins*, No. 23-3191, 2023 WL 7303305, at *4 (6th Cir. Nov. 6, 2023) (citing *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009))).

removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255–56 (6th Cir. 1996).

The undersigned has explained already why Plaintiffs' § 1983 claims should be dismissed with prejudice. Thus, their remaining state law claims should be, too. Accordingly, Counts VII (as it relates to replevin under state law) and VIII are DISMISSED WITHOUT PREJUDICE.

**Injunctive relief.** Finally, Plaintiffs seek the remedy of (preliminary and permanent) injunctive relief. (Complaint, Doc. 1 (Count I) PAGEID 40–41; PAGEID 49–50).

A district court considers the following four factors when deciding whether to issue a preliminary injunction: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *Doe v. Univ. of Cincinnati*, 223 F. Supp. 3d 704, 709 (S.D. Ohio 2016) (citing *Leary*), *aff'd*, 872 F.3d 393 (6th Cir. 2017). "These considerations are factors to be balanced, not prerequisites that must be met." *Doe*, 223 F. Supp. 3d at 709 (citing *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001)); *see S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) ("We have often cautioned that these are factors to be balanced, not prerequisites to be met. . . At the same time, however, we have also held that a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.") (cleaned up). The standard for permanent injunction is essentially

7

the same, except "a permanent injunction requires the court to determine the plaintiff's **actual** success on the merits rather than the plaintiff's **likelihood** of success." *United States v. McCall*, No. 2:06-cv-01051, 2008 WL 11454764, at *3 (S.D. Ohio Mar. 5, 2008) (emphases added).

All substantive counts have been dismissed in this civil action, ergo Plaintiffs have no likelihood of success on the merits.  Accordingly, Greene County is additionally entitled to judgment on Count I.

## II. CONCLUSION

As explained above, the Motion for Judgment on the Pleadings (Doc. 30) filed by Defendants Greene County, Ohio and the Greene County Sheriff's Department is hereby **GRANTED**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT