UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

Wael Sharaydeh, et al.,

    Plaintiffs,

v.

Warren County, Ohio, et al.,

    Defendants.

Case No. 1:23-cv-409

Judge Michael R. Barrett

## ORDER

The Court undertakes a *sua sponte* review of whether Plaintiffs' Complaint should be dismissed against Defendant Montgomery County, Ohio. It does so in the wake of its April 15, 2024 Orders (Docs. 34, 35) granting the Rule 12(c) motions for judgment on the pleadings[1] by Defendant West Carrollton, Ohio (Doc. 27) and Defendant Greene County, Ohio (Doc. 30).

As background, Plaintiffs Wael Sharaydeh and Ismail Sharida began distributing (at the wholesale level) and selling (at the retail level) hemp-derived products once hemp was decriminalized by the Ohio General Assembly in 2020. They complain about a series

---

[1] Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial—[.]" The legal standard for adjudicating a Rule 12(c) motion is the same as that for adjudicating a Rule 12(b)(6) motion. *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007).

Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on its face." Id. at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. Id.; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

1

of unconstitutional raids[2] and named four sets of defendants: Warren County, Ohio, Warren County Sheriff's Office, and Warren County Detective Dan Schweitzer ("Warren County Defendants"); Montgomery County, Ohio and Montgomery County Sheriff's Office ("Montgomery County Defendants"); Greene County, Ohio and Greene County Sheriff's Office ("Greene County Defendants"); and West Carrollton, Ohio and West Carrollton Police Department ("West Carrollton Defendants").[3]

The West Carrollton and Greene County Defendants filed Answers (Docs. 12, 13), and, as noted, motions for judgment on the pleadings (Docs. 27, 30). They were both terminated as party defendants on April 15, 2024. The Warren County Defendants likewise filed an Answer (Doc. 14) and a motion to stay this civil action "pending the resolution of the ongoing criminal investigations into this matter." (Doc. 31 PAGEID 197). That motion is ripe for decision and will be the subject of a separate (forthcoming) order.

Instead of an answer followed by a motion for judgment on the pleadings, the Montgomery County Sheriff's Office filed a motion to dismiss (pursuant to Fed. R. Civ. P. 12(b)(6)). (Doc. 23). It was terminated as a party defendant on October 30, 2023, because "[u]nder Ohio law, a county sheriff's office is not *sui juris*." (Doc. 24 PAGEID 164). Defendant Montgomery County, Ohio did not join in the Rule 12(b)(6) motion, however, prompting the Court to observe that it "appears to be in default." (Id.).

The undersigned has reviewed again the alternative arguments made by the Montgomery County Sheriff's Office. (Doc. 23 PAGEID 153 ("Even if [the] MCSO were *sui juris*, the Complaint must still be dismissed with prejudice.")). These arguments are the same ones made by the City of West Carrollton and Greene County. (*Cf.* Doc. 23

---

[2] Plaintiffs bring suit under 42 U.S.C. § 1983 and state common law claims of replevin and conversion.

[3] Officers John and Jane Doe are also listed as defendants.

2

PAGEID 153–161 *with* Doc. 27 PAGEID 172–175 & *with* Doc. 30 PAGEID 184–195).  On its own motion, then, and for the reasons set forth with respect to Defendant West Carrollton, Ohio (Doc. 34 PAGEID 227–232) and Defendant Greene County, Ohio (Doc. 35 PAGEID 235–240): Counts II through VI of the Complaint against Defendant Montgomery County, Ohio are **DISMISSED with PREJUDICE**; Plaintiffs' "Federal Replevin Claims" fail under Fed. R. Crim. P. 41(g) and Fed. R. Civ. P. 64(b); Counts VII (as it relates to replevin under state law) and VIII are **DISMISSED without PREJUDICE**; and, because all substantive counts have been dismissed in this civil action, Defendant Montgomery County, Ohio is additionally entitled to judgment on Count 1.

    **IT IS SO ORDERED.**

                                                            /s/ *Michael R. Barrett*
                                                            JUDGE MICHAEL R. BARRETT